IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DALE LLOYD JOAQUIN, | | |
| | Petitioner, | No.  2: 12-cv-0741 WBS DAD P |
| | vs. | |
| UNITED STATES OF AMERICA, et al., | | |
| | Respondent. | ORDER AND |
| | | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

   Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 seeking to void a criminal judgment along with an application to proceed in forma pauperis.

   Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

   Petitioner claims he is a federal prisoner illegally detained because 18 U.S.C. § 3231 was not validly passed by Congress in 1948 in that the U.S. House of Representatives did

/////

/////

1

not have a quorum present for its vote on the Senate's amended version of the bill.[1]  (See Dkt. No. 1 at 8, 16.)  Based on this claim petitioner seeks to void his criminal judgment under 28 U.S.C. § 2241 and Rule 60(b)(4) of the Federal Rule of Civil Procedure, as well as the judgments of any other similarly situated federal prisoners under a class action authorized pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Petitioner claims that he was charged with crimes over which the court had no jurisdiction.  (See Dkt. No. 1 at p. 11.)  The court has independently determined that on May 23, 2006, petitioner pled guilty in the United States District Court for the District of Arizona to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).  See United States District Court for the District of Arizona, 4:06-cr-0294 CKJ JCG, Dkt. Nos. 23-26.  Following his entry of plea he received a sentence of thirty months imprisonment followed by a thirty-six month supervised release term.  Petitioner did not file an appeal from his judgment of conviction.[2]

Subsequently, on February 23, 2010, petitioner pled guilty in the United States District Court for the District of Arizona to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).  See United States District Court for the District of Arizona, 4:10-cr-0245 CKJ JCG 1, Dkt. Nos. 13-16.  In that case petitioner was sentenced on May 13, 2010 to a sixty month term of imprisonment followed by a sixty month supervised release term for that conviction.  Again, petitioner did not file an appeal from his judgment of conviction.

---

[1] Title 18 U.S.C. § 3231 states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States.  Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."

[2] Petitioner's term of supervised release in Case No. 06-cr-294 was revoked by the District Court on May 13, 2010 and he was committed to the Bureau of Prisons for a term of eighteen months on the supervised release violation with that sentence to run consecutive to the sentence imposed in Case No. 10-cr-245.

Petitioner is currently incarcerated at FCI - Herlong in Herlong, California. In March 2012, petitioner filed the instant petition in this court seeking habeas relief. For the following reasons, that federal habeas petition should be summarily dismissed.

## I. SCREENING STANDARDS

Habeas petitions brought under 28 U.S.C. § 2241 are subject to summary dismissal pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

## II. SCREENING OF PETITION

Motions that contest the legality of a federal sentence must be filed under 28 U.S.C. § 2255 in the sentencing court. Comparatively, petitions that challenge the manner, location or conditions of the execution of a sentence are to be brought pursuant to 28 U.S.C. § 2241 in the custodial court. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (citing Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980)) (footnote omitted). Nevertheless, under the savings clause of § 2255, "a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Id. at 864-65 (quoting 28 U.S.C. § 2255).

Petitioner argues that the sentencing court lacked jurisdiction to enter a judgment and sentence against him. This represents a challenge to the legality of his sentence which falls within the scope of 28 U.S.C. § 2255. Indeed, 28 U.S.C. § 2255 specifically states that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws

3

> of the United States, *or that the court was without jurisdiction to impose such a sentence*, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id. (emphasis added).  Accordingly, because petitioner has a potential remedy under § 2255 to attack the judgment and conviction entered in the United States District Court for the District of Arizona for lack of jurisdiction, the savings clause of § 2255 is inapplicable to his § 2241 petition.

Petitioner also seeks to vacate his criminal conviction pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.  Rule 60(b)(4) states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceedings [where] the judgment is void."  However, the Federal Rules of Civil Procedure do not apply in criminal cases.  Instead, "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature."  FED. R. CIV. P. 1.  See also United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not apply for relief from judgment in a criminal case."); United States v. Andrade-Larrios, 39 F.3d 986, 988 (9th Cir. 1994) ("[T]he Federal Rules of Civil Procedure do not apply to criminal cases.").  Accordingly, petitioner's reliance on Rule 60(b) to vacate the federal criminal judgment and sentence entered in his case is also misplaced.

Because the pending petition does not present a basis for the granting of relief under either § 2241 or Federal Rule of Civil Procedure 60(b)(4), it is unnecessary to analyze petitioner's separate request to maintain this petition as a class action.

## III. REQUEST FOR APPOINTMENT OF COUNSEL

In his petition, petitioner also requests the appointment of counsel in connection with these habeas proceedings.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if

the interests of justice so require." <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, petitioner's request for the appointment of counsel will be denied.[3]

## IV. REQUEST TO DISQUALIFY JUDGES

Finally, petitioner's application for federal habeas relief includes a "motion under § 28 U.S.C. § 445 of conflict and bias of judges."[4] (Dkt. No. 1 at p. 1.) The recusal of federal judges is governed by 28 U.S.C. § 144 and § 455. Section 144 states that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Title 28 § 455 states in relevant part that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:

---

[3] Petitioner also seeks to have counsel appointed pursuant to Rule 23(g) of the Federal Rules of Civil Procedure which provides for the court that certifies a class to appoint class counsel. However, as stated above, the Federal Rules of Civil Procedure are inapplicable in this federal habeas action case and the issue of whether a class of some sort should be certified need not be reached.

[4] The court assumes that petitioner filed his motion to disqualify pursuant to 28 U.S.C. § 455 as 28 U.S.C. § 445 does not exist.

(1) Where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

    (I) Is a party to the proceeding, or an officer, director or trustee of a party;

    (ii) Is acting as a lawyer in the proceeding;

    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a), (b).

"The test for personal bias or prejudice under section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1)." United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980)

1  (citing United States v. Olander, 584 F.2d 876, 882 (9th Cir. 1978); United States v. Carignan,
2  600 F.2d 762, 764 (9th Cir. 1979)).  "Consequently, a motion brought pursuant to section 144
3  will raise a question concerning recusal under section 455(b)(1) as well as section 144."  Id.  The
4  standard for recusal under section 455 is "'whether a reasonable person with knowledge of all the
5  facts would conclude that the judge's impartiality might reasonably be questioned.'"  Mayes v.
6  Leipziger, 729 F.2d 607, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321
7  (9th Cir. 1983)).  To provide adequate grounds for recusal, the prejudice must result from an
8  extrajudicial source as a judge's previous adverse ruling alone is not sufficient for recusal.  See
9  id.

Unlike bringing a motion to disqualify under § 144, § 455 has no procedural requirements and includes no provision for the referral of the question of recusal to another judge.  Thus, the decision regarding disqualification under § 455 is made by the judge whose impartiality is at issue.  See In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

Petitioner asserts that all of the judges of the Eastern District of California are conflicted under 28 U.S.C. § 455.  Specifically, he claims that:

> As of the initial arrival of Dale Joaquin class action habeas at this court on or about February 28, 2012 each judge in this court became aware of the allegation of his lack of general criminal jurisdiction over all allegations of violation of Federal Criminal Law since 1948, and this lack of subject-matter jurisdiction over every current federal prisoner or defendant.  According to Steel Co. v. Citizens for a Better Env. (523 U.S. 83, 94, 101, 140 L. Ed. 2d 210 (1998), a judge who is aware of a jurisdictional challenge to his authority is obliged to raise sua sponte (on his own motion) that challenge, even if no litigant raises the challenge or all litigants are prepared to concede the court's jurisdiction, this means that each judge in this court was obliged to inform each current or past criminal defendant and his attorney, and appoint him an attorney if he has none, and give the litigants an opportunity to reach and argue the judge's lack of general criminal jurisdiction.
>
> To petitioner's knowledge and belief, this has not happened for any judge at all, let alone every judge.  So, an unconflicted judge must be appointed.  Petitioner hereby makes a motion for this.  It is not possible to use the "Rule of Necessity", U.S. v. Will, 449 U.S. 200 (1980) for an existing conflicted judge to hear the case, for two

>    reasons:  First, because a different federal judge may always be appointed to hear a case, whether from a different district, or a different appellate circuit.  Second, because the only way to apply the 'Rule of Necessity' is to first determine if each possible candidate judge is conflicted.  To do that, it is necessary to identify one judge, determine if he were obliged to raise the issue of their lack of general criminal jurisdiction, yet did not do so.  But to do that even for the first judge considered, it is first necessary to determine that they were obliged to raise the issue: Since the answer is clearly 'Yes', this completes the judgment of the issue at hand.  Once that decision is made, the Petitioners win.

(Dkt. No. 1 at p. 6.)

Thus, petitioner bases his motion seeking disqualification on the judicial actions (or lack thereof) of the judges within this district in finding that they have jurisdiction to impose judgment and sentence under 28 U.S.C. § 3231.  However, as the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Instead, the judicial rulings are a basis for appeal, not recusal.  See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings.  That is not an adequate basis for recusal.") (citations omitted).  Petitioner's motion for disqualification of all of the judges of the United States District Court for the Eastern District of California should be denied because it is both frivolous and based solely on the judicial actions of the judges of this district.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Dkt. No. 6.) is granted;

2. Petitioner's request for the appointment of counsel is denied; and

/////

3. The Clerk of Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the United States Attorneys for the Eastern District of California and the District of Arizona.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for writ of habeas corpus be summarily dismissed; and

2. Petitioner's request under 28 U.S.C. § 455 for disqualification of all Eastern District of California judges be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
joaq0741.156.b